**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

No. 00-40412
Summary Calendar
_____

In The Matter Of:  BLAS MARTINEZ; ROSINA U. MARTINEZ,

Debtors.

KEN MACKEY,

Appellant,

versus

M. C. INVESTMENTS,

Appellee.
_____

Appeal from the United States District Court
for the Southern District of Texas
(L-99-CV-90)
_____

October 5, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Ken Mackey, *pro se*, appeals the district court's dismissal, as moot, of his appeal from an order of the bankruptcy court dismissing his complaint for failure to state a claim upon which relief can be granted.

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mackey represented the Debtors in a Chapter 11 bankruptcy case. The bankruptcy court approved, in July 1996, Mackey's claim for attorney's fees and expenses; confirmed the Debtors' plan of reorganization the next March; and closed the Chapter 11 case that December.

In May 1999, Appellee M. C. Investments, a creditor in the bankruptcy case and the holder of notes and deeds of trust securing real property of the former Debtors, which had been executed pursuant to the plan of reorganization, gave notice of a foreclosure sale scheduled for 1 June. On 24 May, Mackey filed suit against Appellee in Texas state court, claiming that Appellee breached the notice provisions of the plan of reorganization, by failing to give notice of default and acceleration of the indebtedness owed Appellee by Debtors; and seeking damages or specific performance, as well as injunctive relief. That same day, the state court entered an *ex parte* temporary restraining order against the scheduled foreclosure sale.

Appellee removed the action to bankruptcy court on 3 June. Less than two months later, the bankruptcy court denied Mackey's motions to remand or abstain, and granted Appellee's motion to dismiss for failure to state a claim upon which relief can be granted, concluding that the plan did *not* require any notice to Mackey of default or acceleration. Mackey appealed to the district court, which dismissed the appeal as moot.

Mackey contends the bankruptcy court lacked subject matter jurisdiction; and the district court erred in dismissing his appeal as moot and in failing to address the other issues he raised on appeal.

Pursuant to 28 U.S.C. § 1334(b), federal courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11 [the Bankruptcy Code]". 28 U.S.C. § 1334(b). The bankruptcy court based jurisdiction on the "arising under title 11" prong of § 1334(b), because the rights asserted by Mackey, if any existed, derived from the Bankruptcy Code, inasmuch as such rights allegedly arose in a bankruptcy case, pursuant to a plan confirmed by the bankruptcy court.

Despite the bankruptcy court's determination that jurisdiction was proper under § 1334(b)'s "arising under" prong, Mackey devotes most of his brief on the jurisdictional issue to contending that the bankruptcy court lacked jurisdiction under the "related to" prong of that subsection. To the extent that he challenges the bankruptcy court's conclusion that the proceeding is one "arising under title 11", by contending that the bankruptcy court erred in determining that the case was a "core" matter under 28 U.S.C. § 157(b)(3), we reject that contention.

Mackey's action against Appellee claimed breach of the notice provisions of the confirmed plan of reorganization. Whether the plan required such notice requires interpretation of the plan,

which is a matter "arising under title 11".  28 U.S.C. § 1334(b); see *Insurance Co. of North America v. NGC Settlement Trust & Asbestos Claims Management Corp. (Matter of National Gypsum Co.)*, 118 F.3d 1056, 1064 (5th Cir. 1997) ("a proceeding to enforce or construe a bankruptcy court's ... discharge injunction issued pursuant to its confirmation order—and whether the confirmed reorganization plan precludes certain post-confirmation collection efforts—necessarily arises under title 11 and supports a finding that federal jurisdiction exists under 28 U.S.C. § 1334 and that such a proceeding is 'core' under 28 U.S.C. § 157(b)").

The district court dismissed Mackey's appeal as moot because, after removal, Appellee rescheduled the foreclosure sale; Mackey conceded that the alleged defects in notice had been cured; did *not* object to any procedural defect in notice with respect to the rescheduled sale; and, subsequent to the bankruptcy court's dismissal, the foreclosure sale had been concluded.  Mackey contends that, although his claims regarding notice may be moot, his request for costs, expenses, and attorney's fees associated with the allegedly defective notice of the earlier-scheduled foreclosure sale are *not* moot.  Concomitantly, he contends that the district court erred by failing to address the bankruptcy court's determination that Appellee did *not* breach the plan of reorganization.

Even assuming Mackey's claims for attorney's fees, costs, and

4

expenses are *not* moot, there is *no* reversible error.  Essentially for the reasons stated in the bankruptcy court's opinion, the confirmed plan of reorganization did *not* require notice to Mackey. ***Mackey v. M. C. Investments (In re Martinez)***, No. 94-20350-H2-11, Adv. No. 99-5006 (Bankr. S.D. Tex. 29 July 1999).  There being *no* breach of the plan, Mackey is *not* entitled to recover attorney's fees, costs, and expenses incurred in bringing the action.

Mackey's contention that the bankruptcy court erred by entering judgment rather than submitting proposed findings of fact and conclusions of law to the district court, and by *not* abstaining, are without merit, inasmuch as they are based on his irrelevant contention that the bankruptcy court lacked subject matter jurisdiction under the "related to" prong of § 1334(b).  We also reject his contention that the dismissal should have been "without prejudice" or that he should have been given an opportunity to replead his claims.

***AFFIRMED.***